JOHN KNEPFLE v. CLEVELAND, C. C. & ST. L. RY.

RAILWAY COMPANY NOT LIABLE FOR FAILING TO AID PASSENGER INJURED BY FALLING FROM TRAIN NOT FAR FROM PASSENGER'S HOME STATION.

A railway company is not guilty of negligence in failing to back up a passenger train and render aid to a passenger who had, a short distance from the station to which he had taken passage, fallen off from the train and had both legs cut off. Since the brother and friends living in the same town not only knew of the accident before the trainmen, but were taking active measures for the relief of the passenger, railway employes were not required to anticipate that the brother and friends would be less able than the company to procure timely aid and surgical assistance.

ERROR to superior court.

*C. B. Matthews* and *G. B. Goodhart,* for plaintiff in error.

*Harmon, Colston, Goldsmith & Hoadly, A. W. Goldsmith, Jr.,* for defendant in error:

Cited and commented upon the following authorities: *Cincinnati, H. & D. Ry.* v. *Kassen,* 49 Ohio St. 230 [31 N. E. Rep. 282; 16 L. R. A. 674]; *Lake Shore & M. S. Ry.* v. *Liidtke,* 69 Ohio St. 384 [69 N. E. Rep. 653], reversing, *Ludtke* v. *Railway,* 24 O. C. C. 120; *Minnear* v. *Holloway,* 56 Ohio St. 148 [46 N. E. Rep. 636]; *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St. 66; *Cleveland, Term. & V. Ry.* v. *Marsh,* 63 Ohio St. 236 [58 N. E. Rep. 821; 52 L. R. A. 142]; *Northern Central Ry.* v. *State,* 29 Md. 420 [96 Am. Dec. 545]; *Union Pacific Ry. Co.* v. *Cap-*

Knepfle v. Railway.

*pier*, 69 Kan. 649 [72 Pac. Rep. 281]; *Griswold* v. *Railway*, 183 Mass. 434 [67 N. E. Rep. 354]; Pollock, Torts (6 ed.) p. 417; *Winterbottom* v. *Wright*, 10 M. & W. 109; *Weitzman* v. *Electric Co.* 33 App. Div. 585 [53 N. Y. Supp. 905]; *Baltimore & Ohio Ry.* v. *State*, 36 Md. 366; *Dyche* v. *Railway*, 79 Miss. 361 [30 So. Rep. 711]; *Whitesides* v. *Railway*, 128 N. C. 229 [38 S. E. Rep. 878]; *Pannell* v. *Railway*, 97 Ala. 298 [12 So. Rep. 236]; *St. Louis, I. M. & S. Ry.* v. *Hill*, 74 Ark. 478 [86 S. W. Rep. 303]; *Weymire* v. *Wolfe*, 52 Iowa 533 [3 N. W. Rep. 541]; *Atchison, T. & S. F. Ry.* v. *Weber*, 33 Kan. 543 [6 Pac. Rep. 543; 52 Am. Rep. 543]; *Kendall* v. *Railway*, 25 Ky. L. Rep. 793 [76 S. W. Rep. 376]; 3 Thompson, Negligence, Sec. 2832; *Isbell* v. *Railway*, 27 Conn. 393 [71 Am. Dec. 78]; *Brotherton* v. *Improvement Co.* 48 Neb. 563 [67 N. W. Rep. 479; 33 L. R. A. 598; 58 Am. St. Rep. 709]; *Yazoo & M. V. Ry.* v. *Byrd*, 89 Miss. 308 [42 So. Rep. 286]; *Reed* v. *Railway*, 104 Ky. 603 [47 S. W. Rep. 591; 48 S. W. Rep. 416; 44 L. R. A. 823]; *Cincinnati, I., St. L. & C. Ry.* v. *Cooper*, 120 Ind. 469 [22 N. W. Rep. 340; 6 L. R. A. 241; 16 Am. St. Rep. 334]; *Southern Ry.* v. *Webb*, 116 Ga. 152 [42 S. E. Rep. 395; 59 L. R. A. 109]; *Terre Haute & Ind. Ry.* v. *McMurray*, 98 Ind. 358 [49 Am. Rep. 752]; *Marquette & O. Ry.* v. *Taft*, 28 Mich. 289; *Depue* v. *Flatau*, 100 Minn. 299 [111 N. W. Rep. 1; 8 L. R. A. (N. S.) 485]; *Ploof* v. *Putnam*, 81 Vt. 471 [71 Atl. Rep. 188; 20 L. R. A. (N. S.) 152; 130 Am. St. Rep. 1072; 15 Am. Cas. 1151]; Beach, Contr. Neg. (2 ed.) Sec. 215; 2 Hutchinson, Carriers (3 ed.) Sec. 996; 2 Thompson, Negligence Sec. 1744; *Drown* v. *Traction Co.* 76 Ohio St. 234; 81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844]; *Erie Ry.* v. *McCormick*, 69 Ohio St. 45 [68 N. E. Rep. 571]; *Young* v. *Railway*, 45 App. Div. 296 [61 N. Y. Supp. 202]; *Harrison* v. *Electric Light Co.* 195 Mo. 606 [93 S. W. Rep. 951; 7 L. R. A. (N. S.) 293]; *Travelers' Ins. Co.* v. *Melick*, 65 Fed. Rep. 180 [12 C. C. A. 544]; 1 Sherman & Redfield, Negligence (5 ed.) Sec. 39; *Safford* v. *Green Island*, 26 N. Y. Supp. 669; *Cincinnati St. Ry.* v. *Murray*, 53 Ohio St. 570 [42 N. E. Rep. 596; 30 L. R. A. 508]; *Cole* v. *Savings & Loan Co.* 124 Fed. Rep. 113 [59 C. C. A. 593]; *Linerode* v. *Rasmussen*, 63 Ohio St. 545 [59 N. E. Rep. 220]; *Williams* v.

Hamilton County.

*Brown,* 28 Ohio St. 547; *Fulton Co. (Comrs.)* v. *Lucas Co. (Comrs.)* 5 Circ. Dec. 500 (12 R. 563), affirmed, *Wood Co. (Comrs.)* v. *Ottawa Co. (Comrs.)* 58 Ohio St. 690; *Saffin* v. *Thomas,* 4 Circ. Dec. 253 (8 R. 253); *New Jerusalem Church* v. *Crocker,* 4 Circ. Dec. 619 (7 R. 327); *West* v. *Knoppenberger,* 26 O. C. C. 168 (4 N. S. 305); 17 Cyc. 242, 245; *Lyddy's Will, Matter of,* 53 Hun. 629 [5 N. Y. Supp. 636]; *Reber* v. *Herring,* 115 Pa. St. 599 [8 Atl. Rep. 830]; *Williams* v. *Williams,* 132 Mass. 304.

## GIFFEN, P. J.

The plaintiff in error, as plaintiff in the superior court of Cincinnati, commenced an action to recover, under the Indiana statute, for the wrongful death of his son, John M. Knepfle, about eighteen years of age, who, while a passenger on one of defendant's trains, stepped or fell therefrom and had both legs cut off below the knee. The accident occurred at a point about 1,350 feet from the station at West Harrison, at about 4:35 P. M., the train, after stopping at the water tank, arriving at the station at about 4:40 P. M., when for the first time the conductor and brakeman were informed of the accident by two passengers.

A brother of the injured boy and other passengers residing at Harrison, were informed of the accident, before the train arrived at the station, by the only eye-witness, William Herbert, who, as soon as the train arrived at the station, ran for a doctor to care for the injured boy and for an ambulance to convey him to his home. At about 5:20 P. M. Doctor Huber arrived and took charge of the case, in the meantime other parties having tied handkerchiefs around the legs of the injured boy. He was then taken to the ambulance, a distance of about 800 feet (that being the nearest point to which it could be driven), and conveyed to his home. A surgical operation was performed about 6 P. M. and he died about 11 P. M.

The conductor left with his train, immediately after being informed of the accident, without affording any relief.

The claim is made that, although the accident occurred through no fault of the company, and probably through the

### Knepfle v. Railway.

negligence of the deceased, the defendant is nevertheless liable, because the conductor failed to back the train to the place of the accident and bring the boy to the station where surgical aid could be summoned, and failed to do anything else for his comfort and safety. It is further claimed that the delay in procuring surgical aid and appliances for checking the flow of blood caused a great loss of blood, which was the proximate cause of his death. The court instructed the jury to return a verdict for the defendant, to which action of the court error is now alleged.

It is well settled in this state that when a passenger through his own negligence falls from a moving train onto the track, where he is exposed in a helpless condition to the danger of injury from another of the railroad company's trains, it owes him, upon notice, the duty to adopt some reasonable precaution to avoid injury to him. *Cincinnati, H. & D. Ry.* v. *Kassen,* 49 Ohio St. 230 [31 N. E. Rep. 282; 16 L. R. A. 674].

Unlike that case, the injured passenger in this case was not lying on the track, and therefore not exposed to the danger of injury by other trains of the defendant; and Williams, J., says in the opinion:

"Though the defendant may not have been under any obligation to use care to prevent his injury by others, it owed him the duty of observing ordinary care to avoid injuring him in the use of its own property."

In the case of *Northern C. Ry.* v. *State,* 29 Md. 420 [96 Am. Dec. 545], it appears that a person, run over and thought to be dead, was placed upon some rubbish in a railway warehouse by the station master, and then left over night; during which time he had revived and dragged himself some distance along the floor, when he was found dead the next morning with his body yet warm, in a stooping posture, pressing his hand upon his leg to stop the flow of blood from a severed artery, it was held that, even though the accident was caused by the negligence of the deceased, still it might go to the jury whether his death did not result from the subsequent negligence of the railway employes.

It is easy to subscribe to the doctrine of this case, not only as applied to the facts recited, but also as applied to any like state

of facts. It may also be conceded that the editorial note to *Union Pac. Ry.* v. *Cappier*, 66 Kan. 649 [72 Pac. Rep. 281; 69 L. R. A. 533], states a sound proposition of law; but the facts in the case before us clearly distinguish it.

Neither the conductor of the train, the brakeman, nor the station agent had any reason to anticipate that the brother of the injured boy and his friends, living in the same town and knowing his condition would be less able than they could be in procuring surgical aid and in ministering to his wants; hence what would otherwise have been a legal duty resting upon one or all of such employes of the company ceased to be even a moral duty. It is said, however, that the means at the disposal of the conductor for fetching the boy to the station were more available, to wit, by backing the train to the scene of the accident and returning with the boy; but this would have tended to increase, rather than diminish the flow of blood and would have laid the foundation for the very claim made in the petition that the additional loss of blood occasioned by the defendant was the proximate cause of the death. A surgeon or other competent person with suitable appliances was essential for the purpose of checking the flow of blood, and these were procured within a reasonable time. Even though the means, employed by those who did take charge of the case, proved less effective than those which might have been used by the defendant, still it would not be liable, unless the employes having knowledge of the accident had reasonable grounds to anticipate such result.

Counsel for plaintiff admits that the standard of duty owing by the defendant shifted according to the facts and circumstances developed at the trial. The undisputed facts are that a brother and friends not only knew of the accident before the employes of the defendant did, but were taking active measures for the relief of the unfortunate boy. We are of the opinion therefore that the court did not err in directing the jury to return a verdict for the defendant.

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.